# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES PORCHIA FRAZIER, JR.,<br><br>Defendant. | Case No. 10-MJ-167<br><br>ORDER FOR PRETRIAL DETENTION |

On the 13th day of July, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Richard L. Murphy. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## RELEVANT FACTS

On July 9, 2010, Defendant James Porchia Frazier, Jr. was charged by Criminal Complaint (docket number 2) with unlawfully possessing firearms as an unlawful user of controlled substances, and knowing or having reason to know the firearms had been stolen.

Sergeant Lance Miller of the Marion police department testified regarding the circumstances underlying the instant charge. On June 20, 2010, a residence in Marion, Iowa was burglarized and approximately 19 firearms and 2 black powder weapons were among the items reported stolen. On July 9, 2010, police officers executed a search warrant at Defendant's residence. Defendant lives at the residence with his mother. In the course of the search, police officers found two of the stolen firearms under Defendant's bed. Defendant spoke with the police officers, and initially denied knowledge of the firearms and accused the police of planting them under his bed. Later, Defendant *admitted*

1

he possessed the guns found in his room, but refused to tell the officers where the guns came from. Defendant also denied stealing the firearms.

Police officers also found a zipper pull on the floor near where the firearms had been discovered. The zipper pull was the same type and appearance as a missing zipper pull on a duffel bag left at the scene of the burglary, containing ammunition belonging to the burglary victim. The duffel bag did not belong to the victim. The duffel bag was apparently left by the burglars.

Additionally, the police officers found drug paraphernalia under Defendant's bed near where the stolen firearms had been discovered. Marijuana was also found in Defendant's bedroom and elsewhere in the residence. A urine specimen was taken from Defendant, and tested positive for the presence of THC. Defendant admitted to the police officers that he used marijuana, and told the officers that they would find marijuana in his bedroom.

Sergeant Miller also testified, based on a review of various incident reports, regarding Defendant's past violent behavior. On April 7, 2006, Defendant was involved in a fight at Washington High School. On September 8, 2006, Defendant assaulted a seven-year-old boy over a basketball and stuffed the boy in a garbage can. On December 3, 2006, Defendant admitted to Cedar Rapids police officers that he shot out the windows of a residence with a pellet gun. On April 18, 2007, Defendant shot a pellet gun at two girls walking on the street, striking one of the girls in the hip. Defendant was charged with assault resulting in injury, but Sergeant Miller did not know the final disposition of that charge. On July 24, 2007, Defendant and a friend were approached by Antonio Hicks, and an argument ensued about a bicycle. Defendant struck Hicks in the head and stabbed him 3 times with an 8-inch folding knife. Defendant was charged with willful injury, but pleaded guilty to assault with intent to inflict serious injury. Defendant served 10 months at the Iowa State Training School for Boys in Eldora, Iowa.

According to the pretrial services report, Defendant is 18 years old, has never been married, and has no children. Defendant has lived his entire life in Cedar Rapids. He currently resides with his mother and would return to her residence if released.

Defendant reported that he is one trimester short of graduating from high school. He is currently unemployed and has not been employed since about August 2009. Prior to August 2009, Defendant worked for a temporary employment service and food company for a few months.

Defendant does not have any significant physical or mental health issues. Defendant admitted that he started using marijuana at age 13, and has used marijuana about once a week in the recent past. His last use of marijuana was the day before he was arrested on the instant charges. He denies having used any other controlled substances or abusing alcohol.

Defendant has been adjudicated delinquent on three separate occasions for calling in a fake bomb threat after school (age 12), fighting or violent behavior (age 12), and shooting out the windows of a residence with a pellet gun (age 15). He was placed in the Iowa State Training School for Boys in 2007, after assaulting and stabbing another juvenile with a knife. Most recently, in 2009, he was convicted of criminal mischief and paid a $100 fine.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the

defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with unlawfully possessing firearms as an unlawful user of controlled substances, and knowing and having reason to know the firearms had been stolen, which are offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and

4

circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with unlawfully possessing firearms as an unlawful user of controlled substances, and knowing and having reason to know the firearms had been stolen. The weight of the evidence against Defendant is strong. The firearms were found under Defendant's bed. It is undisputed that the firearms were stolen. Defendant admitted that he possessed the guns, but denied stealing them. Defendant tested positive for THC, and admitted using marijuana. Defendant also has a history of regular marijuana use. Of principal concern to the Court is Defendant's criminal record and Sergeant Miller's testimony regarding Defendant's history of violent behavior. Specifically, Defendant has been involved in multiple incidents of fighting, assault causing injury, shooting another person with a pellet gun, and stabbing another person. The evidence regarding Defendant's unlawful use of controlled substances and possession of stolen firearms, coupled with his history of violent behavior, leads the Court to conclude that there is a danger to the community if he is released. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), The Court finds the government has met its burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore,

pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained pending further proceedings. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

**ORDER**

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (July 9, 2010) to the filing of this Ruling (July 14, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 14th day of July, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA